UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RUBEN PORTA,
and other similarly-situated individuals,

       Plaintiff(s),

v.

GODIVA AMERICAN, CORP.,
d/b/a SANTA FE NEWS AND ESPRESSO,
THE GRAND CAFE S 1 CORP,
SUNNY ISLES BEACH RESTAURANT CORP.
and ALEJANDRO SCOLNIK, individually,

       Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff RUBEN PORTA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, SUNNY ISLES BEACH RESTAURANT CORP, and ALEJANDRO SCOLNIK, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff RUBEN PORTA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendants GODIVA AMERICAN, CORP. d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP, are Florida corporations, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants. Defendants were engaged in interstate commerce.

4. The individual Defendant ALEJANDRO SCOLNIK, was and is now, the owner/director Defendant Corporation GODIVA AMERICAN, CORP. d/b/a SANTA FE NEWS AND ESPRESSO, he is also owner/partner /officer of THE GRAND CAFE S 1 CORP., and SUNNY ISLES BEACH RESTAURANT CORP.

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP, are a joint enterprise, and joint employers of Plaintiff.

6. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

7. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP, are retail business operating as restaurants.

8. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP operate Santa Fe News And Espresso, a coffee shops and restaurant located at 9700 Collins

Avenue, Suite # 243 Bal Harbour, 33154, and they also operate The Grand Cafe S 1 Corp located at 17190 Collins Avenue, Sunny Isles Beach, FL 33160.

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP, are a joint enterprise because: 1) the three companies have the same or related business activities; 2) the three companies operated out of the same location; 3) the three companies shared centralized management, equipment and supplies; 4) Defendant operated as a single unit for a common business purpose; 5) between Defendants existed unified operation and common control, and they operated as a single unit; 6) Defendants shared a common business purpose, the profitable operation of both restaurants; 7) Defendants had interdependent financial interest; 8) and existed common ownership and management.

10. Pursuant 29 C.F.R. §791.2. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP were joint employers because: 1) Defendants through their owners/manager ALEJANDRO SCOLNIK, had equal and absolute control over the Plaintiff and other employees similarly situated; 2) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) Defendants operated the two facilities where Plaintiff and the other similarly situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP; Plaintiff was paid with

company checks from the 3 corporations 6) The 3 corporations had the power to hire and to fire employees from Santa Fe News and Espresso and The Grand Cafe.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP hereinafter will be called collectively GODIVA AMERICAN.

14. Defendants GODIVA AMERICAN and individual Defendant ALEJANDRO SCOLNIK employed Plaintiff RUBEN PORTA from approximately August 15, 2016 to October 20, 2017, 2017, or 62 weeks. However, for FLSA's purposes Plaintiff's relevant time of employment is 54 weeks, since Plaintiff did not work overtime hours during his first 8 weeks of employment.

15. While employed by Defendants Plaintiff RUBEN PORTA worked approximately 40 weeks at Santa Fe News and Espresso and then he worked approximately 14 weeks for The

Grand Cafe and for Santa Fe News and Espresso, simultaneously and within the same week.

16. During his employment with Defendant Plaintiff held different positions and different payment plans. Plaintiff worked for Defendant GODIVA AMERICAN as follows:

17. (1) Plaintiff's work at Santa Fe News and Espresso (40 weeks) - On or about August 15, 2016, Plaintiff began his employment with GODIVA AMERICAN working as a server at Santa Fe News and Espresso. Plaintiff worked in this position for approximately 8 weeks, he was paid $12.00 an hour and he did not work overtime hours.

18. From approximately October 10, 2016 to July 15, 2017 or 40 weeks, Plaintiff worked as a lead waiter. Plaintiff performed multiple tasks such as working on floor plans, setting tables, taking care of proper level of sanitation,  receiving and stocking restaurant supplies; Plaintiff worked in any position covering absent servers, food runners, drink runners, Plaintiff also has some clerk duties such as producing schedules, reporting the hours worked and sales of other, and if needed taking restaurant supplies to The Grand Cafe. Plaintiff worked under the supervision of managers and the owner of the business ALEJANDRO SCOLNIK.

19. In this period, Plaintiff worked regularly 5 days per week from 10:00 AM, to 10:00 PM (12 hours daily) an average of 60 hours weekly.  Plaintiff was unable to take bona-fide lunch breaks.

20. On the months of December, January and February (high season), or 12 weeks, Plaintiff worked a minimum of 6 days per week, from 9:00 AM to 12:00 AM (15 hours daily) a minimum average of 90 hours.

21. Plaintiff clocked in and out, but he claims that Defendant did not maintain accurate time records.

22. In this period Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours. as required by the Fair Labor Standards Act.

23.  Plaintiff was paid $15.00 an hour or $900.00 per week regardless the number of days and hours worked. Plaintiff was paid 40 hours, or $600 with check and the remaining 20 hours or $300.00 in cash.

24. (2) Plaintiff's work at The Grand Café and Santa Fe News and Espresso (14 weeks). On or about July 16, 2017 Plaintiff was sent to work as a lead waiter to The Grand Cafe, Plaintiff had similar duties as he had in Santa Fe News and Espresso.

25. Plaintiff worked 5 days from Thursdays to Sundays from 9:00 AM to 10:00 PM (13 hours daily) or a total of 65 hours weekly.

26. Plaintiff was paid as a tipped employee $5.80 an hour plus tips.

27. In this period Plaintiff worked also a waiter at Santa Fe News and Espresso.  Plaintiff worked on Mondays and Tuesdays an average of 12 hours daily or 24 hours every week. Plaintiff was compensated for his work at Santa Fe News and Espresso at the rate of $15.00 an hour.

28. Plaintiff was compensated at two different rates.  Plaintiff worked Mondays and Tuesdays, 24 hours at Santa Fe News and Espresso and he was paid at the rate of $15.00 and hour; and he worked at The Grand Café 5 days 65 hours at the tipped rate of $5.80.

29. In this period of 14 weeks Plaintiff worked a total of 89 hours every week or 49 O/T hours. Plaintiff worked 25 O/T hours at The Grand Café, and 24 additional O/T hours at Santa Fe News and Espresso. Plaintiff was not compensated for a total of 49 O/T hours.

30. While working as a waiter at The Grand Cafe, Plaintiff was a tipped employee who was paid the mandatory minimum wage for tipped employees, plus tips that he retained as his own property. However, Defendant was not entitled to a tip credit because it did not establish a valid tip pooling agreement. Plaintiff wrongfully was required to "pay" cash daily a 7% from his daily sales (from the total of costumers' bills), not from his tips. Plaintiff paid this 7% with the proceeds of his tips.  In addition, the 7% was distributed between non-qualified employees such as Kitchen employees (2% Kitchen, 2% food runners, 2% drunk runners, 1% dishwashers).

31. Consequently, Defendants are not entitled to the "tip credit" allowed by law.  Defendants are obligated to pay Plaintiff the full minimum wage of $7.25 an hour for all the time Plaintiff worked at The Grand Café as a waiter. (In Florida $8.10 for 2017.)

32. In this period of 14 weeks Plaintiff is owed, minimum wages for his work at The Grand Café,

33. In addition, in this period of 14 weeks Plaintiff worked a total of 89 hours every week or 49 O/T hours.  Plaintiff worked 25 O/T hours at The Grand Café, and 24 additional O/T hours at Santa Fe News and Espresso. Plaintiff was not compensated for a total of 49 O/T hours.

34. Therefore, during his time of employment with GODIVA AMERICAN Plaintiff was required to work many hours over 40 in a workweek without receiving minimum wages and extra payment for overtime hours at the rate of time and a half his regular rate, as required by the Fair Labor Standards Act.

35. Plaintiff did not clock in an out, but Defendants maintained manual records. Plaintiff was paid with cash and with company checks from the 3 different corporations. Defendant did not provide Plaintiff with paystubs providing information about days and hours worked, wage rate paid, employee taxes deductions etc. etc.

36. On or about October 20, 2017 Plaintiff was unfairly fired due to a conflict between business partners.

37. Plaintiff RUBEN PORTA seeks to recover full minimum wages, half-time overtime hours, accumulated during all his time of employment with Defendant GODIVA AMERICAN, plus liquidated damages and any other relief as allowable by law.

38. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants, that resulted in minimum wages violations and non-payment for hours worked in excess of 40 in a week period.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;**

39. Plaintiff re-adopts every factual allegation concerning to him, as stated in paragraphs 1-38 above as if set out in full herein.

40. This action is brought by Plaintiff RUBEN PORTA  and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess

of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

42. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP hereinafter will be called collectively GODIVA AMERICAN,  or Defendant.

43. Defendant GODIVA AMERICAN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as, coffee-shop/restaurant, Defendant catered mostly to tourist. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a waiter that on regular basis initiated and completed credit card transactions. Therefore, there is individual coverage.

45. Defendants GODIVA AMERICAN and individual Defendant ALEJANDRO SCOLNIK employed Plaintiff RUBEN PORTA from approximately August 15, 2016 to October 20, 2017, 2017, or 62 weeks. However, for FLSA's purposes Plaintiff's relevant time of employment is 54 weeks, since Plaintiff did not work overtime hours during his first 8 weeks of employment.

46. While employed by Defendants Plaintiff RUBEN PORTA worked approximately 40 weeks at Santa Fe News and Espresso and then he worked approximately 14 weeks for The Grand Cafe and for Santa Fe News and Espresso, simultaneously and within the same week.

47. During his employment with Defendant Plaintiff held different positions and different payment plans. Plaintiff worked for Defendant GODIVA AMERICAN as follows:

48. (1) Plaintiff's work at Santa Fe News and Espresso (40 weeks) - On or about August 15, 2016, Plaintiff began his employment with GODIVA AMERICAN working as a server at Santa Fe News and Espresso. Plaintiff worked in this position for approximately 8 weeks, he was paid $12.00 an hour and he did not work overtime hours.

49. From approximately October 10, 2016 to July 15, 2017 or 40 weeks, Plaintiff worked as a lead waiter. In this period, Plaintiff worked regularly 5 days per week from 10:00 AM, to 10:00 PM (12 hours daily) an average of 60 hours weekly.  Plaintiff was unable to take bona-fide lunch breaks.

50. On the months of December, January and February (high season), or 12 weeks, Plaintiff worked a minimum of 6 days per week, from 9:00 AM to 12:00 AM (15 hours daily) a minimum average of 90 hours.

51. Plaintiff clocked in and out, but he claims that Defendant did not maintain accurate time records.

52. In this period Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours. as required by the Fair Labor Standards Act.

53.  Plaintiff was paid $15.00 an hour or $900.00 per week regardless the number of days and hours worked. Plaintiff was paid 40 hours, or $600 with check and the remaining 20 hours or $300.00 in cash.

54. (2) Plaintiff's work at The Grand Café and Santa Fe News and Espresso (14 weeks). On or about July 16, 2017 Plaintiff was sent to work as a lead waiter to The Grand Cafe, Plaintiff had similar duties as he had in Santa Fe News and Espresso.

55. Plaintiff worked 5 days from Thursdays to Sundays from 9:00 AM to 10:00 PM (13 hours daily) or a total of 65 hours weekly.

56. Plaintiff was paid as a tipped employee $5.80 an hour plus tips.

57. Plaintiff worked more than 40 hours every week, but he was not paid for overtime hours.

58. In this period Plaintiff worked also a waiter at Santa Fe News and Espresso.  Plaintiff worked on Mondays and Tuesdays an average of 12 hours daily or 24 hours every week. Plaintiff was compensated for his work at Santa Fe News and Espresso at the rate of $15.00 an hour.

59. Plaintiff was compensated at two different rates.  Plaintiff worked Mondays and Tuesdays, (12 hours each day or 24 hours) at Santa Fe News and Espresso and he was paid at the rate of $15.00 an hour. Plaintiff he worked Wednesdays, Thursdays, Fridays, Saturdays and Sundays at The Grand Café, (13 hours each day or 65 hours) at the tipped rate of $5.80.

60. In this period of 14 weeks Plaintiff worked a total of 89 hours every week or 49 O/T hours. Plaintiff worked 25 O/T hours at The Grand Café, and 24 additional O/T hours at Santa Fe News and Espresso. Plaintiff was not compensated for a total of 49 O/T hours.

61. Defendants always were able to track the hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. Plaintiff was paid weekly with checks without paystubs reflecting days and the real number of hours worked, job classification, employee taxes deducted etc. etc.

64. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

65. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

66. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

67. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

68. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate.  After discovery, Plaintiff will properly adjust his calculations.

    a.  <u>Total amount of alleged unpaid wages</u>:

Sixteen Thousand Seven Hundred Fifty-Five Dollars and 50/100 ($16,755.50)

    b.  <u>Calculation of such wages</u>:

Total weeks of employment: 62 weeks
Total Relevant number of weeks: 54 weeks

**1.- Overtime at Santa Fe News and Espresso, 60 hours weekly x 40 weeks**

Total number of relevant weeks: 40
Total number of hours worked: 60 hours weekly
Paid:  $900 weekly: 60 hours= $15.00 regular rate
Regular rate: $15.00 X 1.5= $22.50 O/T rate
O/T rate: $22.50 - $15.00 O/T paid = $7.50 half-time difference
Half-time: $7.50

Half-time $7.50 x 20 O/T hours=$150 weekly x 40 weeks=$6,000.00

**2.- Overtime at The Grand Cafe and Santa Fe News and Espresso 14 weeks**

Total number of relevant weeks: 14 weeks

    i.    Overtime at The Grand Café
        Total number of hours worked weekly: 65hours
        Total number of O/T hours: 25 O/T hours
        Regular rate: $5.80 an hour tipped employee
        Fl. Minimum wage rate 2017 applied: $8.10 an hour
        $8.10 x 1.5=$12.15- less $3.02 maximum tip credit= $9.13
        O/T rate: $9.13 an hour

        O/T rate $9.13 x 25 O/T hours=$228.25 x 14 weeks=$3,195.50

    ii.    Overtime at The Grand Café /2 days with 24 O/T hours x 14 weeks
        Total number of weeks: 14 weeks
        Total number of O/T hours worked weekly: 24 hours
        Regular rate: $15.00 x 1.5=22.50 O/T rate
        O/T rate: $22.50

        O/T rate $22.50 x 24 O/T hours=$540.00 x 14 weeks=$7,560.00

Total overtime 1 and 2: $16,755.50

Nature of wages (e.g. overtime or straight time):

This amount represents the total unpaid half-time overtime.

69. At all times material hereto, the Employer/Defendant GODIVA AMERICAN failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

70. Defendant GODIVA AMERICAN, knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

71. At the times mentioned individual Defendant ALEJANDRO SCOLNIK was and is now, the director and/or owner of GODIVA AMERICAN.   Defendant ALEJANDRO

SCOLNIK was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of the corporation in relation to its employees, including Plaintiff and others similarly situated.  Defendant ALEJANDRO SCOLNIK had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and is jointly and severally liable for Plaintiff's damages.

72. Defendants GODIVA AMERICAN, and ALEJANDRO SCOLNIK willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant GODIVA AMERICAN, as set forth above.

73. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RUBEN PORTA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants GODIVA AMERICAN, and ALEJANDRO SCOLNIK, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff RUBEN PORTA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

74. Plaintiff RUBEN PORTA re-adopts every factual allegation concerning to him, as stated in paragraphs 1-38 of this complaint as if set out in full herein.

75. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

76. Defendants GODIVA AMERICAN, CORP., d/b/a SANTA FE NEWS AND ESPRESSO, THE GRAND CAFE S 1 CORP, and SUNNY ISLES BEACH RESTAURANT CORP hereinafter will be called collectively GODIVA AMERICAN,  or Defendant.

77. This action is brought by Plaintiff RUBEN PORTA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production

of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

78. Defendant GODIVA AMERICAN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as, coffee-shop/restaurant, Defendant catered mostly to tourist. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

79. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a waiter that on regular basis initiated and completed credit card transactions. Therefore, there is individual coverage.

80. By reason of the foregoing, Defendant GODIVA AMERICAN was required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

81.  Defendants GODIVA AMERICAN and individual Defendant ALEJANDRO SCOLNIK employed Plaintiff RUBEN PORTA from approximately August 15, 2016 to October 20, 2017, 2017, or 62 weeks. However, for FLSA's purposes Plaintiff's relevant time of employment is 54 weeks, since Plaintiff did not work overtime hours during his first 8 weeks of employment.

82. While employed by Defendants Plaintiff RUBEN PORTA worked approximately 40 weeks at Santa Fe News and Espresso and then he worked approximately 14 weeks for The Grand Cafe and for Santa Fe News and Espresso, simultaneously and within the same week.

83. From August 15, 2016 to October 9, 2016 Plaintiff worked at Santa Fe News and Espresso as a waiter and he was paid $12.00 an hour. From October 10, 2016 to July 15, 2017 (40 weeks) Plaintiff worked as lead waiter and he was paid $15.00 an hour.

84. Within his relevant period of employment from approximately July 16, 2017 to October 20, 2017, or 14 weeks Plaintiff was sent to work as a lead waiter to The Grand Cafe, Plaintiff had similar duties as he had in Santa Fe News and Espresso.

85. Plaintiff worked 5 days from Thursdays to Sundays from 9:00 AM to 10:00 PM (13 hours daily) or a total of 65 hours weekly.

86. Plaintiff was paid as a tipped employee $5.80 an hour plus tips.

87. While working as a waiter at The Grand Cafe, Plaintiff was a tipped employee who was paid the mandatory minimum wage for tipped employees, plus tips that he retained as his own property. However, Defendant was not entitled to a tip credit because it did not establish a valid tip pooling agreement. Plaintiff wrongfully was required to "pay" cash daily a 7% from his daily sales (from the total of costumers' bills), not from his tips.

Plaintiff paid this 7% with the proceeds of his tips.  In addition, the 7% was distributed between non-qualified employees such as Kitchen employees (2% Kitchen, 2% food runners, 2% drunk runners, 1% dishwashers).

88. Consequently, Defendants are not entitled to the "tip credit" allowed by law.  Defendants are obligated to pay Plaintiff the full minimum wage of $7.25 an hour for all the time Plaintiff worked at The Grand Café as a waiter. (In Florida $8.10 for 2017.)

89. In this period of 14 weeks Plaintiff is owed, minimum wages for his work at The Grand Café,

90. At all times material hereto, the Employer failed to comply with title §§ 201-219 and 29 C.F.R. § 516.2, § 516.4, 531.52, and § 531.59 et seq. in that Plaintiff was not paid the required minimum wage as required by the FLSA.

91. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

92. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

93. Prior to the completion of discovery and to the best of Plaintiff RUBEN PORTA 's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Pending to discovery, please note that these are preliminary calculations subjected to proper discovery.
*Florida minimum wage is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

       Two Thousand Ninety-Three Dollars and 00/100 ($2,093.00)

    b.  <u>Calculation of such wages</u>:

       Total weeks:  14 weeks
       Total hours worked: 65 hours
       Min. wage rate paid: $5.80 an hour
       2017 Florida Minimum wage $ 8.10
       Florida minimum wage: $8.10- $5.80 rate paid= $2.30 difference

       Difference 2.30 x 65 hours = $149.50 weekly x 14 weeks=$2,093.00

    c.  <u>Nature of wages</u>:

       This amount represents the difference unpaid minimum wages at Florida rate.

94. Therefore, Defendant unlawfully failed to pay minimum wages to Plaintiff for the hours and relevant time periods specified above.  Plaintiff RUBEN PORTA seeks to recover minimum wage accumulated within the mentioned period.

95. Defendant GODIVA AMERICAN, knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff RUBEN PORTA  and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

96. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

97. At the times mentioned, individual Defendant ALEJANDRO SCOLNIK, was the owner, president, and/or manager of Defendant Corporation GODIVA AMERICAN, Defendant

ALEJANDRO SCOLNIK was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant ALEJANDRO SCOLNIK, acted directly in the interest of the corporation GODIVA AMERICAN in relation to its employees including Plaintiff. Defendant ALEJANDRO SCOLNIK had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly liable for Plaintiff's damages.

98. Defendants GODIVA AMERICAN, and ALEJANDRO SCOLNIK, willfully and intentionally refused to pay Plaintiff RUBEN PORTA minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

99. Plaintiff RUBEN PORTA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RUBEN PORTA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated individuals and against the Defendants GODIVA AMERICAN, and ALEJANDRO SCOLNIK, because of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff RUBEN PORTA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff RUBEN PORTA an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff RUBEN PORTA reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff RUBEN PORTA and those similarly-situated, demand trial by jury of all issues triable as of right by jury.

Dated:  June 21, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33157
Telephone:    (305) 446-1500
Facsimile:     (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*